UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **CHARLIE MAYES**<br>    FED. REG. #11602-002<br>VS. | **CIVIL ACTION NO. 2:10-cv-1915**<br><br>**SECTION P**<br><br>**JUDGE MINALDI** |
| **UNITED STATES** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Charlie Mayes, a prisoner in the custody of the Federal Bureau of Prisons (BOP) who is incarcerated at the Federal Corrections Institute, Oakdale, (FCI-O) Louisiana, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 seeking credit for time served in the Montgomery, Alabama City Jail. The petition was filed in the United States District Court for the Middle District of Alabama and subsequently transferred to this District on December 21, 2010.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the matter be **DISMISSED WITH PREJUDICE.**

### *Background*

In 1992, following a jury trial, petitioner was convicted of unlawful distribution of cocaine in the Circuit Court, Houston County, Alabama. He was sentenced to 20 years in prison. His conviction and sentence was confirmed by the Court of Criminal Appeals of Alabama on July 24, 1992. Rehearing was denied on September 18, 1992, and Certiorari was denied on

December 18, 1992. *See Mayes v. State*, 611 So. 2d 429 (Ala.Cr.App., 1992). Petitioner served an unknown amount of time on his sentence and was paroled. *See* Doc. #82, p. 1, *United States v. Mayes,* 1:05-cr-00012 (U.S. District Court, Middle District of Alabama).

Petitioner was apparently on parole when he was found with a firearm. It appears that his parole was revoked and he was placed in the Montgomery, Alabama City Jail. Petitioner claims that he spent a year and one month in jail prior to his trial for the firearm charge.

On August 10, 2005, petitioner was found guilty in the U.S. District Court, Middle District of Alabama, of violating 18 U.S.C.§ 922(g)(1), which proscribes possession of a firearm by a convicted felon. He was sentenced to 60 months in prison with a 3 year term of supervised release. The 60 month sentence was ordered to be served consecutively to the sentence defendant was then serving. *See* Judgment, (Doc. #72, pp. 1-3), *United States v. Mayes,* 1:05-cr-00012 (U.S. District Court, Middle District of Alabama). He appealed to the Eleventh Circuit, which affirmed his conviction and sentence on December 29, 2006. *See United States v. Mayes,* 212 Fed.Appx.934 (11th Cir. Dec. 29, 2006) (unpublished).

On March 22, 2007, petitioner filed a §2255 motion, which was denied. *See Mayes v. United States ,* 1:07-cv-253 (U.S. District Court, Middle District of Alabama, Southern Division).

On February 15, 2007, petitioner filed a motion for *nunc pro tunc*, requesting that the court enter an order allowing his federal sentence to run concurrently with his state sentence. *United States v. Mayes,* 1:05-cr-00012 (U.S. District Court, Middle District of Alabama). The government objected to the motion stating that the sentencing court considered the matter at issue carefully when deciding the sentence and that the court had the opportunity to run the

federal sentence concurrently with the state sentence and deliberately chose to run the federal sentence consecutive to the state sentence. *Id.,* Doc. 83, p. 1. The court denied petitioner's motion. *Id.,* Doc. 85.

As previously stated, the current petition was filed in the United States District Court for the Middle District of Alabama and subsequently transferred to this District on December 21, 2010. In his application for *habeas corpus*, petitioner claims that the BOP failed to credit his federal sentence with jail time served prior to his commitment to BOP custody. (Doc. 2).

*Law and Analysis*

Venue and jurisdiction attach at the time of filing. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed[.]"); *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir.1985) ( "It is well established that jurisdiction attaches on the initial filing for *habeas corpus* relief[.]"). Petitioner was incarcerated at FCI-O at the time he filed the petition in the United States District Court for the Middle District of Alabama. Thus, that court transferred the matter to this District Court on December 21, 2010, and this Court has jurisdiction over petitioner's *habeas* petition.

A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001). Nevertheless, petitioner is not entitled to *habeas corpus* relief unless he can demonstrate that "... [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

For offenses committed after November 1, 1987, federal sentence computation is

governed by 18 U.S.C. §3585. *United States v. Wilson*, 503 U.S. 329, 332 (1992). That statute, entitled "Calculation of a term of imprisonment," provides in pertinent part:

> (b) Credit for prior custody. <u>A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences</u>
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence.</u> (Emphasis supplied)

Under the plain language of the above cited statute, petitioner cannot obtain credit against his federal sentence for the time he served in state custody when he is already receiving that benefit with respect to his state sentence. *Wilson*, 503 U.S. at 337 (stating that Congress made clear in § 3585(b) that "a defendant could not receive double credit for his detention time"). Numerous statements made by petitioner in documents filed prior to this matter support that such is the case here. Namely, in 2007, he stated that he could be paroled to the Federal Court to serve out his 60 months and that he was denied parole because his federal sentence was run consecutively with his state sentence. *See*, Doc. # 84, p. 2, *United States v. Mayes,* 1:05-cr-00012 (U.S. District Court, Middle District of Alabama). In the same 2007 document, he states that "had his sentence run concurrently he would only have 2 and a half years left to serve, and when he went up for parole he would have been paroled to the federal to serve out his time. *Id*. at 1. Whereas now the sentence petitioner received two and a half [years] ago have not even started.." *Id.,* at 2.

Further, in the petition currently before the court, petitioner states that "I was incarcerated prior to actual sentencing and commitment to the Bureau of Prison...I was arrested for federal

4

crimes and under their custody to my understanding. As such, I should be credited for the time served prior to my sentencing hearing." (Doc. 2). Further, the judgment memorializing petitioner's 2005 conviction makes it clear that he was serving another sentence at the time of his sentencing hearing for the firearm possession. Thus, whatever time he spent incarcerated prior to the sentencing in question was apparently in fulfillment of his original sentence on cocaine charges.

Finally, petitioner is not entitled to any consideration should he request **another** *nunc pro tunc* designation pursuant to *Barden v. Keohane*. Pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d. Cir.1990), the BOP considers an inmate's request for credit as a request for a retroactive designation of the state prison as a federal prison for purposes of sentence computation. However, the issue can arise only in those instances where the federal judgment is silent or otherwise ambiguous as to whether the federal sentence should be served consecutively or concurrently with the state sentence. Compare *McCarthy v. Doe*, 146 F.3d 118 (2nd Cir. 1998), and *Rogers v. United States*, 180 F.3d 349, 356 (1st Cir. 1999) (The Bureau of Prisons may make such a designation in *nunc pro tunc* fashion where the federal sentencing court is silent as to whether a federal sentence should run concurrently with "a not-yet-imposed state sentence.").

Here, there was no ambiguity. The federal sentence was not silent on the issue. The court specified that petitioner's sentence be served **CONSECUTIVE** to the sentence that petitioner was serving.

### *Conclusion and Recommendation*

In short, petitioner has not shown that he is in custody in violation of the Constitution and laws of the United States and therefore his petition for *habeas corpus* must be dismissed for

failing to state a claim for which relief may be granted. Therefore,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of *Habeas Corpus* Under 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 26th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE